UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE BRITTINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-73 RWS |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of | ) |
| Social Security Administration | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Denise Brittingham brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Social Security Commissioner's ("Commissioner") decision to deny her application for disability insurance benefits. Because the Commissioner's decision is supported by substantial evidence on the record as a whole, I affirm the decision.

## PROCEDURAL HISTORY

On August 3, 2017, Brittingham filed a Title II application for disability insurance benefits alleging total disability beginning July 22, 2016. This claim was initially denied on October 6, 2017, and after reconsideration, denied again on December 14, 2017. Brittingham then filed a timely request for a hearing on

1

February 8, 2018. The hearing was held on May 1, 2019, and the Administrative Law Judge ("ALJ") issued her decision denying the application on June 21, 2019. Brittingham timely appealed and the Appeals Council denied Plaintiff's request for review on November 13, 2019. Brittingham then timely filed this case seeking judicial review of the Commissioner's decision.

In this action for judicial review, Brittingham argues that the ALJ did not properly consider her personal testimony or the testimony of the vocational rehabilitation specialist.

**MEDICAL RECORDS AND OTHER EVIDENCE BEFORE THE ALJ**

With respect to the medical records and other evidence of record, I adopt Defendant's recitation of facts set forth in their Statement of Uncontroverted Material Facts, ECF Doc. No. [9-1] insofar as they are admitted by Brittingham. I also adopt the additional facts set forth in Plaintiff's Response to Defendant's Statement of Uncontroverted Material Facts, ECF No. [10-1]. I also adopt the Plaintiff's recitation of facts set forth in her Statement of Uncontroverted Material Facts, ECF Doc. No. [10-2], to the extent they do not directly conflict with the Defendant's Statement of Uncontroverted Material Facts and are supported by the record.[1]  I will discuss specific facts as needed to address the parties' arguments.

---

[1] Plaintiff did not file a statement of uncontroverted material facts with her initial brief, but rather filed it with her reply. Since Defendants did not have the opportunity to refute Plaintiff's Statement of Uncontroverted Material Facts, I will only accept them to the extent they are supported by the record.

## LEGAL STANDARD

To be entitled to disability benefits, a claimant must prove that they are unable to perform any substantial gainful activity due to a medically-determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months.  42 U.S.C. § 423(a)(1)(D), (d)(1)(a).  To determine whether claimants are disabled, the Commissioner evaluates their claims through five sequential steps.  20 C.F.R. § 404.1520; Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (describing the five-step process).

Steps one through three require that the claimant prove (1) she is not currently engaged in substantial gainful activity, (2) she suffers from a severe impairment, and (3) her disability meets or equals a listed impairment.  20 C.F.R. § 404.1520(a)(4)(i)-(iii).  If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five.  Step four (4) requires the Commissioner to consider whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work.  Id. at § 404.1520(a)(4)(iv).  The claimant bears the burden of demonstrating she is no longer able to return to her past relevant work.  Pate-Fires, 564 F.3d at 942.  If the Commissioner determines the claimant cannot return to past relevant work, the burden shifts to the Commissioner at step five to show the claimant retains the

RFC to perform other jobs that exist in significant numbers in the national economy.  Id., 20 C.F.R. § 404.1520(a)(4)(v).

In reviewing the ALJ's denial of Social Security disability benefits, my role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole.  Pate-Fires, 564 F.3d at 942.  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Id.  In determining whether the evidence is substantial, I must consider evidence that both supports and detracts from the Commissioner's decision.  Id.  As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently.  See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011).  I must "defer heavily to the findings and conclusions of the Social Security Administration."  Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (internal citation omitted).

## ALJ DECISION

The ALJ determined that Brittingham was not under a disability as defined in the Social Security Act. First, the ALJ found that Brittingham met the insured status requirements of the Social Security Act through December 31, 2019, and

4

had not engaged in substantial gainful activity since July 22, 2016. Tr. at 78. The ALJ then determined Brittingham suffered from the severe impairment of cervical and lumbar degenerative disc disease. Tr. at 78. But the ALJ found that these impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404 because the record did not show evidence of nerve root compression or spinal arachnoiditis. Tr. at 78-79. Accordingly, the ALJ had to determine Brittingham's RFC and ability to work.

    Based on her consideration of the record, the ALJ found that Brittingham had an RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) but with the following limitations: occasional climbing of ramps and stairs; no climbing of ladders, ropes or scaffolds; frequent balancing and crouching; occasional stooping, kneeling, and crawling; and avoiding extreme cold, wetness, vibration, and hazards such as unprotected heights and moving mechanical parts. Tr. at 79. Based on Brittingham's RFC, the ALJ found that she could perform her past relevant work as a job order clerk as performed in the national economy. Tr. at 83. Accordingly, the ALJ denied Brittingham's applications because she found that Brittingham was not under a disability as defined in the Social Security Act.

## DISCUSSION

Brittingham argues that the ALJ failed to consider the testimony of Plaintiff concerning her pain, inability to concentrate, and lack of follow-up care. She also argues that the ALJ failed to properly consider the vocational expert's testimony. Finally, Plaintiff argues that the ALJ ignored the opinion of Dr. Woiteshek and relied on medical opinions that did not consider how Plaintiff's pain affected her ability to work. Plaintiff argues that because of these failures, the ALJ's decision is not supported by substantial evidence.

<u>Failure to Consider Plaintiff's Testimony</u>

Brittingham first argues that the ALJ failed to properly consider her testimony when determining her RFC. But the ALJ properly considered and cited the factors listed in <u>Polaski</u>, 739 F.2d. at 1322, to support her determination that Brittingham's claims regarding the intensity and persistence of her symptoms were not entirely consistent with the other evidence presented. Tr. at 80-83.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. <u>Basinger v. Heckler</u>, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. <u>See e.g.</u>, <u>Battles v. Sullivan</u>, 902 F.2d 657, 660 (8th Cir. 1990). To properly evaluate

6

the claimant's subjective complaints, the ALJ must consider the factors enumerated in Polaski:

> [The] claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

Id. at 1322. While the ALJ must consider the Polaski factors, she need not enumerate them specifically. Wildman v. Astrue, 596 F.3d 959, 968 (8th Cir. 2010). When an ALJ explicitly finds that the claimant's testimony is not credible and gives good reasons for the findings, the court will usually defer to those findings. Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007). However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002).

In this case, although the ALJ did not explicitly enumerate the Polaski factors, she did consider them. In her opinion, the ALJ explicitly stated that the claimant's statements regarding the intensity and persistence of her symptoms were not entirely consistent with the record. Tr. at 80. The ALJ then cited numerous medical reports from Dr. Bernardi, Dr. Doll, and Dr. Wu. Tr. at 20-22. She also cited Plaintiff's functional capacity evaluation, which noted that the

7

therapist was concerned about her consistency and quality of effort. Tr. at 81. The ALJ also cited Plaintiff's testimony about her daily activities, which include shopping, cooking, and personal care. Tr. at 82. Since the "ALJ explicitly discredits [] claimant's testimony and gives a good reason for doing so," I will defer to the ALJ's credibility finding. Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001)(quoting Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990)).

    Plaintiff also argues that the ALJ ignored her testimony regarding why she did not seek further treatment and her attempts to work and take continuing education courses. The ALJ did not discuss these two points in detail, but she did consider them. First, in her opinion, the ALJ stated that Plaintiff testified that "she attempted to shadow for a hospice position, but she could not perform the job after two hours…[and] [s]he has a limited attention span when she tries to read." Tr. at 80. Second, the ALJ cited to substantial medical evidence to support her determination that Plaintiff's subjective complaints were not consistent with the record as a whole. Although I agree that the Plaintiff's testimony may support a finding of a lower RFC, this is insufficient to warrant reversal. As long as substantial evidence supports the ALJ's decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently. See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011). The ALJ properly considered the entire

8

record and set forth substantial evidence to support her decision. Therefore, I cannot reverse it.

## Medical Opinions

In her reply brief, Plaintiff argues the ALJ ignored the opinion of Dr. Woiteshek and relied largely on medical records that did not address how Plaintiff's residual pain affects her ability to work. These arguments are unpersuasive because the ALJ did not ignore Dr. Woiteshek's opinion and she provided substantial evidence on the record to support her RFC determination.

The ALJ did not discuss Dr. Woiteshek's medical findings in detail, but "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." Wildman v. Astrue, 596 F.3d. 959, 966 (8th Cir. 2010). In this case, the ALJ expressly discounted Dr. Woiteshek's opinion because it did not address Plaintiff's functional limitations. Tr. at 82.  Given the ALJ's specific reference to his opinion, I cannot find that she failed to consider it. See Wildman, 596 F.3d at 966.  Additionally, Dr. Woiteshek's opinion appears to support the ALJ's RFC determination. Although Dr. Woiteshek's opinion indicated that Brittingham has a 25% partial disability due to neuroforaminal stenosis in the cervical spine and a limited range of motion, Tr. at 546-50, it also indicated that Dr. Woiteshek agreed with the functional capacity evaluation performed by

9

Plaintiff's physical therapy provider, which stated that Plaintiff could perform at the light physical demand level. Tr. at 550.

Since a claimant's RFC is a medical question, the ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace. Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016). But "there is no requirement that an RFC finding be supported by a specific medical opinion." Id. In the absence of medical opinion evidence, "medical records prepared by the most relevant treating physicians [can] provide affirmative medical evidence supporting the ALJ's residual functional capacity findings." Id. (citing Johnson v. Astrue, 628 F.3d 991, 995 (8th Cir. 2011)). In this case, the ALJ discounted all of the medical opinions, except the State agency medical consultant, which she found only partially persuasive because the ongoing complaints of pain justified greater exertional limitations than the opinion advised. Tr. at 82. Instead the ALJ relied on the medical records provided by Dr. Bernardi, Dr. Doll, and Dr. Wu. These records support her RFC finding. Tr. at 80-82. The Eighth Circuit has held that where the medical evidence "is 'silent' with regard to work-related restrictions such as the length of time [a claimant] can sit, stand and walk and the amount of weight [h]e can carry," the fault is not necessarily the ALJ's. See Steed v Astrue, 524 F.3d 872, 876 (8th Cir. 2008). "Rather, it is the claimant's burden to prove disability, and "[a]t the very least, the claimant's failure to provide medical

evidence with this information should not be held against the ALJ when there *is* medical evidence that supports the ALJ's decision." Remelius v. Saul, No. 4:18-cv-1105-AGF, 2019 WL 4141034 (E.D. MO. Aug. 30, 2019). Based on a review of the record, the ALJ properly considered the opinion evidence presented.

Failure to Consider the Vocational Expert's Testimony

Next Plaintiff argues that the ALJ failed to properly consider the testimony of the vocational rehabilitation expert. In particular, Plaintiff argues that the ALJ's determination is contrary to the testimony of the vocational expert. However, after review of the record, I find the testimony of the vocational expert constitutes substantial evidence in support of the ALJ's finding at step five.

"A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments." Buckner v. Astrue, 646 F.3d 549, 560-61 (8th Cir. 2011) (internal quotation marks omitted). "Thus, the ALJ's hypothetical question must include those impairments that the ALJ finds are substantially supported by the record as a whole." Pickney v. Chater, 96 F.3d 294, 296 (8th Cir.1996) (internal citation omitted). Since I already concluded the RFC decision was supported by substantial evidence on the record, the vocational expert's testimony constitutes substantial evidence so long as it is based on a hypothetical that accurately reflects the RFC outlined in the ALJ's opinion.

In her opinion, the ALJ determined Brittingham had an RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) but with the following limitations: occasional climbing of ramps and stairs; no climbing of ladders, ropes or scaffolds; frequent balancing and crouching; occasional stooping, kneeling, and crawling; and avoiding extreme cold, wetness, vibration, and hazards such as unprotected heights and moving mechanical parts. Tr. at 79. In her testimony, the vocational expert testified that the plaintiff could perform her past relevant work as a job order clerk. Tr. at 105.  This testimony was based on a hypothetical individual of the same age, education, and work experience as the claimant, who can work at the light exertional level and can occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds, can frequently balance and crouch and can occasionally stoop, kneel and crawl. Tr. at 104-105. Since this hypothetical includes all of the impairments the ALJ found to be substantially supported by the record, the vocational expert's testimony constitutes substantial evidence. Therefore, the ALJ's decision is supported by substantial evidence on the record and I cannot reverse it.

## CONCLUSION

The ALJ's determination that Brittingham is not disabled is supported by substantial evidence.  The ALJ's written decision properly considers all of the

12

evidence presented on the record, is clear and well-reasoned, and complies with the relevant laws and regulations.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed, and Plaintiff's complaint is **DISMISSED** with prejudice.

A separate judgment is issued herewith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September 2020.